The Honorable Jack Critcher State Representative P.O. Box 79 Grubbs, AR 72431-0079
Dear Representative Critcher:
This is in response to your request for an opinion on the following question:
 Can a city of the first class through the city treasurer's office pay health insurance premiums for members of the city council who draw a salary but who are not full-time employees of the city?
It is my opinion that the answer to this question is, generally, "yes," assuming that there is a local ordinance or other measure evidencing the city's intent to make such payment.
It is clear that the governing body of a municipality has the authority and responsibility to determine the compensation of municipal officers, subject to limitations established by law. See Ark. Const. amend. 56, § 4[1] and A.C.A. § 14-43-409 (1987).[2] It is my opinion, further, that health insurance benefits would generally be considered "compensation." See generally Op. Att'y Gen. Nos. 97-108, 95-004, 93-036, and 88-352. Thus, in the absence of some limitation elsewhere in the law, I believe a city may, as a general matter, include health insurance premiums in the compensation of city officers and officials, including members of the city council.
My research has disclosed no specific limitation in this regard. Nor, in my opinion, can a limitation reasonably be inferred from existing law. Arkansas Code Annotated § 14-43-409 prohibits "an additional compensation by way of fees, fines, or perquisites." See n. 2, supra. It is my opinion that this limitation is directed toward fees of the office and other forms of compensation accruing to the office, as distinguished from salary or other compensation which the city's governing body may authorize for individual officers. See, e.g., Op. Att'y Gen. 96-366
(concluding that a city can, by local ordinance, provide annual or sick leave for elected municipal officers). This distinction is reflected in the requirement under § 14-43-409 that "[a]ll fees, fines, or perquisites shall be paid into the city treasury."
Thus, in my opinion, it is within the city's discretion to pay health insurance premiums for members of the city council, regardless of their full-time or part-time status. I have found no state law classifying or identifying city council positions as either part-time or full-time, or suggesting that the compensation of council members is dependent upon their status in this regard. It thus appears that this is a matter for local determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Amendment 56, § 4 provides that "[c]ompensation of municipal officers and officials shall be fixed by the governing body of the municipality, not to exceed limits which may be established by law."
[2] Section 14-43-409 states:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.